UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:06-CR-76-02 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| MARK ESTELL WILKINS | ) | |

# **O R D E R**

Before the Court is the Motion to Stay Sentence and for Release Pending Appeal (Court File No. 54) filed by defendant Mark Wilkins ("Defendant") on April 10, 2007. The Government timely responded to the motion on April 11, 2007 (Court File No. 55).

Defendant moves the Court "to stay his sentence and grant him release pending appeal" of his conviction and sentence, which has apparently been filed in the United States Court of Appeals for the Sixth Circuit (Court File No. 54, p. 1). Defendant submits his motion under 18 U.S.C. §§ 3143(b)(1)(A) and (b)(1)(B), which provide that a defendant may be released pending appeal if it appears by clear and convincing evidence that he is not likely to pose a flight risk or a danger to the community, and if his appeal "is not for the purpose of delay and raises a substantial question of law or fact" likely to result in (i) reversal, (ii) a new trial, or (iii) a new sentence with no term of imprisonment or (iv) a term of imprisonment less than the total of the time served plus the expected duration of the appeal. 18 U.S.C. § 3143(b)(1)(B). Defendant anticipates raising issues on appeal such as (1) whether the evidence supports his convictions, (2) whether his conviction can stand as a matter of law on two of the four counts for which he was convicted, and (3) whether the calculation of his sentence under the United States Sentencing Guidelines was correct (Court File

No 54, p. 2-3).

In its response, the Government points out 18 U.S.C. § 3143(b)(1)(B) requires a defendant to be detained unless his appeal raises a *substantial question of law or fact* likely to result in reversal, a new trial, or a sentence without incarceration or with a period of incarceration below time-served plus the length of the appeals process. As the Government points out, the only issue before the Court is whether the evidence supports Defendant's conviction for mail fraud, because even if Defendant's appeal wins on a challenge to his conviction under 18 U.S.C. § 1001 or a reduction in his Guidelines calculation, a term of imprisonment will still be imposed (Court File No. 55, p. 1). Defendant was released on bond pending sentencing and therefore has served no time (Court File No. 54, p. 1). Even if Defendant's appeal is granted as to both points relating to his Guidelines calculation, the range of his imprisonment, under the advisory Guidelines, would be 15–21 months. United States Sentencing Comm'n, Guidelines Manual (2001).

This Court has already addressed Defendant's arguments as to the sufficiency of the evidence supporting his conviction for mail fraud in its Memorandum and Order denying Defendant's motion for judgment of acquittal or for a new trial (Court File Nos. 43 & 44). Therefore, the Court cannot find, by clear and convincing evidence, that Defendant's appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, or a sentence in which the period of imprisonment is less than time-served plus the appeal's duration. 18 U.S.C. § 3143(b)(1)(B). Accordingly, for the reasons here and in its prior Memorandum and Order (Court File Nos. 43 & 44), the Court **DENIES** Defendant's Motion to Stay Sentence and for Release Pending Appeal (Court File No. 54).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**